Johnson, J.
delivered the opinion of the Court,
Atthe argument of this cause, the counsel for the defendant, who brought it up, was understobd to waive all the questions, raised in the grounds of the motion, except that arising out of the last of them, which involves the liability of the defendants to pay interest. The facts connected with this question, which are extracted from the Judge’s report and the concessions of counsel, are briefly as follows.
o On the death of Maj. John Hampton, many years ago, the plaintiff, his widow, and the other distributees of his estate, his children, mude an amicable partition of bis real estate amongst *521 themselves. In Nov. 1816, the plaintiff sold the part allotted to her to the defendants’ testator, and executed formal titles to him; and he gave her the bond, on which this action is brought, for the payment of the purchase money. To this bond the following condition is annexed : viz. “ The condition of the above obligation is such, that as soon as the estate of Maj. John Hampton is fairly, and amicably settled, to the satisfaction of the above bound George Eigleberger, as regards certain demands against the said estate, and not until then, and after the expiration of thirteen months from this date, shall the ábove obligation have any effect, otherwise it will remain in full force and virtue.” It appears to have been known, that there were outstanding judgments against Maj. Hampton, which were alien upon the laud ; and the object, of this otherwise Unintelligible condition, seems to have been, to protect Eigleberger from these incumbrances. In 1825, the land was sold at a sheriff’s sale, under an execution founded on one of these judgments, and Eigleberger purchased it in at $270; and an arrangement was made between him and the late Robert Starke, who appears to have had some agency in the business, by which he was credited with that amount, on another contract connected with the estate of Maj. Hampton. Eigleberger went into possession immediately after the purchase from Mrs. Hampton, the plaintiff; and he, and those claiming under him, have had the uninterrupted use and occupation of it ever since: and it is conceded, that the rents and profits are, at least, equal to the interest on the purchase money; The question before alluded to, and now to' be considered, is, whether the defendants are liable for interest on the bond, from the expiration of thirteen months after the execution, the time stipulated in the condition for the payment, if the incumbrances were removed, or only from 1825, when Eigleberger’s title was perfected by purchase at the sheriff’s sale.
The presiding Judge seems to have put the case to the jury, so far as this question is concerned, upon the question of fact,whether according to the condition of the bond, the plaintiff, or Eigleberger, was bound to remove the incumbrances; and they have resolved that fact in favour of the plaintiff. But the verdict cannot be sustained on that ground ; -for however confused, or *522 unintelligible, the condition of the bond may be, it is at leas® evident, that there is no express stipulation, that Eigleberger should pay off the incumbrances. His obligation, to pay the whole amount of the purchase money to the plaintiff, was in- . 1 , , .. , consistent with such an undertaking ; and the provision, that the bond should not take effect until the incumbrances were removed, necessarily imposed the obligation on the plaintiff: for until that was done, she was not intitled to receive the money. I am decidedly of opinion, however, that the plaintiff is intitled to retain her verdict on principle.
In relation to several classes of contracts- the allowance of interest has assumed the form of settled rules,- although there is no express agreement to pay interest: as on written contracts to pay money at a given day ; on accounts stated; and for money lent, &c. But the principle, on which it is founded, is one of pure equity. If one owes me money,- and neglects, or refuses to pay it, he ought, in conscience, to indemnify me for the loss or inconvenience that I suffer from it; nor ought he to profit by the use of it when I am intitled to have it: and it is upon the same principle, that if one detain my goods against my will, I am intitled to damages, as a remuneration for^the loss I have sustained by their detention.
Here, there is no express stipulation concerning interest, but it is evident, that Eigleberger himself estimated the value, which he contracted to pay for it, at the time when it was to be paid according to the condition of the bond, to wit, thirteen months from its date. He was not bound to carry his contract into execution until the incumbrances were removed; but, by his voluntary use and occupation of the land,-he has derived apositive advantage from it, more than equal to the interest on-the money. If he had refused to enter upon the land, or to have fulfilled his contract, until the incumbrances were removed, the plaintiff would have had it in her power to have rented it, and thus have indemnified herself for the interest: so that in addition to the profit, which he has derived, there has been a positive loss to her, of an equal amount; and, according to the principle, he is bound to pay interest.
The case of Rutledge v. Smith, 1 M’C. Ch. 403, will serve as an illustration of the principle, whilst its application points out an exception, founded on the principle itself. There, the *523 defendant purchased a house and lot at auction for cash, and placed the money in the hands of an agent to pay the whole amount; but the agent finding that there were, as in this case, legal incumbrances upon it, retained a part of the sum until they should be removed, and that not having been done, a considerable time after, he returned this balance to defendant, who had taken possession of the house immediately after the purchase. And it was held, that she was liable for interest on this balance, from the time she received it from the agent; but not whilst it remained in his hands, because she was ignorant that it so remained there, and could have derived no profit from it. And if it bad been shewn, in this case, that Eigleberger laid by the amount due to the plaintiff, to meet the demand when the incumbrances should have been removed, he would doubtless have been exempted from the payment of interest. But that is not pretended.
It was insisted by the counsel for the motion, that until the plaintiff had discharged the incumbrances, which he considered as a condition precedent, she was not intitled to receive the principal, and hence it was concluded that she was not intitled to interest on what the defendant had a right to retain. Thisarguraent has been already sufficiently answered. His liability arises out of the profit which he derived from the use and occupation of the land, and the consequent loss to the plaintiff.
Harper, J. concurred.
O’Neall, J. having been of counsel in the cause, gave no opinion.
Motion refused.